NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the matter of:

ROBYN HANGER, *Petitioner/Appellee,*

*v.*

JOEL HANGER, *Respondent/Appellant.*

No. 1 CA-CV 19-0282 FC
FILED 3-3-2020

Appeal from the Superior Court in Maricopa County
No. FC 2012-070854
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

APPEARANCES

Joel Hanger, Tonopah
*Respondent/Appellant*

Strong Law PLLC, Scottsdale
By Marc R. Grant Jr.
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        Joel Hanger ("Father") appeals from the superior court's order modifying his child support obligation to Robyn Hanger ("Mother"). For the following reasons, we affirm in part and vacate and remand in part consistent with this decision.

## BACKGROUND

¶2        Shortly after stipulating to a child support order obligating him to pay Mother $508.87 per month, Father moved to set aside the stipulated order and petitioned for a modification of child support by simplified procedure. Requesting relief under Arizona Rule of Family Law Procedure 85, Father alleged, among other things, that he was coerced into signing the stipulated order. He also argued that his loss of employment warranted a child support modification. The superior court denied Father's motion to set aside the stipulated order and petition for modified child support, as well as his attendant request for an evidentiary hearing.

¶3        On appeal, this court concluded that the superior court did not abuse its discretion by denying Father's motion to set aside the stipulated order. *Hanger v. Hanger*, 1 CA-CV 17-0721 ¶ 11 (mem. decision Nov. 1, 2018). The court also determined, however, that the superior court "should have held an evidentiary hearing to determine whether changed circumstances warranted modification" before denying Father's petition to modify child support. *Id*. at ¶ 14.

¶4        Consistent with this court's decision, on remand, the superior court held an evidentiary hearing on Father's petition to modify child support. At the hearing, Father testified that he was unemployed between July 2017 and January 2018, and that he worked only part-time from January 2018 until July 2018. At that point, Father resumed full-time employment (earning $35.47 per hour), though making substantially less than his former full-time salary ($100,000 annually). Father also testified that Mother was falsely inflating her childcare expenses by failing to "tak[e]

advantage" of a "childcare reimbursement program" available through her employer (a public school). Although Father admitted he does not know "the extent" of any possible reimbursement, he believes—based on his own experience working with *other* schools—that Mother's employer offers "full reimbursement of childcare costs." But Mother testified that she incurs childcare expenses of $60 per week during the 38 weeks she teaches each year. She also asked the court to attribute a $100,000 annual income to Father, opining that he could command his former salary, or higher if he was willing to commute rather than work exclusively from home.

¶5            After hearing from both parties, the superior court attributed income to Father at an hourly rate of $35.47, his actual earned income. Because Father had no evidence that Mother's employer provided childcare reimbursement and, when pressed, admitted that he did not know whether such a benefit was offered, the court found no genuine dispute regarding childcare expenses, only Father's "speculation." While Father requested modification with a retroactive start date of July 2017, the court found the effective date "for a modification is the first day of the first month . . . following the service of the petition." Because Father did not serve Mother with the petition to modify until February 2019, the court ordered modification effective as of March 1, 2019. The court also explained that even absent the delayed service, modification retroactive to July 2017 was improper because the parties entered a stipulated child support order in September 2017 and Father's period of unemployment was relatively brief, whereas his new employment reflects a "substantial and continuing and permanent change."

¶6            Given Father's decreased income, the superior court reduced his monthly child support obligation to $404. Father timely appealed.

## DISCUSSION

¶7            Father raises several challenges to the modified child support order. The Arizona Supreme Court has adopted the Child Support Guidelines ("Guidelines"), codified at A.R.S. § 25-320. *Little v. Little*, 193 Ariz. 520, 521, ¶ 6 (1999). Under the Guidelines, a court should modify a child support order only if a parent shows a substantial and continuing change of circumstances. A.R.S. §§ 25-327(A), -503(H).

¶8            Although we review a superior court's interpretation of the Guidelines and the governing statutes de novo as questions of law, we review its decision to modify a child support award for an abuse of discretion. *Guerra v. Bejarano*, 212 Ariz. 442, 443, ¶ 6 (App. 2006). An abuse

of discretion includes an error of law or an absence of substantial evidence to support the court's findings. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶9**　　　　First, Father asserts the superior court failed to address the modification in a manner consistent with this court's decision. As support for this contention, Father cites the superior court's statement at the evidentiary hearing that Father "stipulated to the previous order" and "lost" when he challenged that order on appeal. Although this court reversed and remanded the denial of Father's petition to modify, we upheld the denial of Father's motion to set aside the stipulated order. Therefore, the superior court's statement accurately recounted this court's decision.

**¶10**　　　　Second, Father contends the superior court improperly held an evidentiary hearing on remand in contravention of the "legal procedures" governing a simplified modification of child support. Contrary to Father's assertion, the superior court properly followed the remand instructions issued by this court. This court directed the lower court to hold an evidentiary hearing before ruling on Father's petition to modify child support. To the extent Father argues that such a hearing was improper because Mother failed to timely request a hearing, Appendix to A.R.S. § 25-320, Guidelines 24(B) ("If the requested modification is disputed, the parent receiving service must request a hearing within 20 days of service."), the record reflects that Father requested an evidentiary hearing on his motion for simplified modification of child support, Guidelines 24(B) ("If any party requests a hearing within the time allowed, the court shall conduct such a hearing."), and the hearing was therefore conducted in compliance with the Guidelines.

**¶11**　　　　Third, Father argues the superior court improperly determined the issue of reimbursement of childcare expenses. Although Father alleged that Mother falsified childcare costs, his assertion was wholly unsupported. By his admission, Father based this claim on his personal belief that Mother's employer offered full reimbursement for childcare costs but admitted he had no evidence that Mother's employer offered childcare expense reimbursement. Moreover, Mother testified that she necessarily incurs the childcare expenses, and Father failed to impeach this testimony. Therefore, the superior court did not err concerning its evaluation of the evidence regarding childcare expenses. *See Boomer v. Frank*, 196 Ariz. 55, 58, ¶ 8 (App. 1999) (explaining mere speculation does not create a genuine dispute of fact).

**¶12**      Fourth, Father contends the superior court improperly found that the effective date of the modified child support order could not predate service of the petition to modify on Mother. Having filed a responsive pleading, Father argues that Mother waived this restriction.

**¶13**      As outlined in A.R.S. § 25-327(A), a modified child support order, predicated upon "a showing of changed circumstances that are substantial and continuing," becomes "effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification." Under the statute's plain language, the effective date of a modified child support order is dependent upon notice to the non-filing parent. *Id.* Independent of notice, the retroactive application of a modified child support order may not predate the filing of the petition for modification. *Id.*; *Guerra*, 212 Ariz. at 444, ¶ 7.

**¶14**      In this case, Father filed his motion to set aside the stipulated child support order and petition for simplified modification of child support in September 2017. Although Father failed to serve Mother with the petition to modify until February 2019, the record reflects that Mother had actual notice of the petition the month it was filed, as evidenced by her response. Because the effective date of a modification is tethered to notice rather than service, and Mother had actual notice of Father's petition for modification in September 2017, the superior court erred by finding A.R.S. § 25-327(A) precluded retroactive application of the modified child support order.

**¶15**      Nonetheless, upon a finding of good cause shown, the superior court has the discretion to deviate from the default effective date for a modified child support order. *See* A.R.S. § 25-327(A). Father argues the superior court applied an incorrect legal standard when it determined that his change in employment did not warrant the retroactive application of the modified child support amount. Specifically, Father cites the court's finding that retroactive application of the modified child support order was improper, independent of Father's delayed service on Mother, because Father's period of unemployment and part-time employment did not constitute a "substantial and continuing and *permanent* change."

**¶16**      Whether a substantial and continuing change warranting a modification of child support occurred is a question of fact. *Nia v. Nia*, 242 Ariz. 419, 423, ¶ 9 (App. 2017). "In exercising its discretion, the superior

court shall consider the nature of the changes and the reasons for the changes." *Id.* (internal quotation omitted).

¶17 As made clear by the governing statutes, the correct legal standard for assessing a request to modify child support is a substantial and continuing change of circumstances, not the permanence of the changed circumstance. A.R.S. § 25-327(A), -503(H). Although the superior court found that Father's period of unemployment and part-time employment was relatively brief (having resumed full-time employment within ten months of filing his petition to modify child support), on this record, and consistent with the superior court's findings, there is no question that Father sustained a substantial and continuing decrease in income as of July 2017. Moreover, although Father resumed employment, he did so at a significantly lower wage, and his loss of income is ongoing. Accordingly, the substantial and continuing decrease in income that warranted a modification of Father's child support obligation as of March 2019, also warranted a modification of Father's child support obligation in October 2017, the first day of the month following Mother's notice of the petition to modify. *See* A.R.S. § 25-327(A). Therefore, the superior court abused its discretion by finding that Father's change in circumstances did not warrant the retroactive application of the modified child support order to the month following Mother's actual notice of the petition to modify.

**CONCLUSION**

¶18 For the foregoing reasons, we affirm in part and vacate and remand in part consistent with this decision. Citing A.R.S. § 25-324, Mother requests an award of her reasonable attorneys fees incurred on appeal. In our discretion, we deny her request.



AMY M. WOOD • Clerk of the Court
FILED: AA