396 P.3d 1099

**Marjan H. NIA, Petitioner/Appellant,**

**v.**

**Ali H. NIA, Respondent/Appellee.**

**State of Arizona, ex rel. the Department of Economic Security, Intervenor/Appellee.**

**No. 1 CA-CV 16-0380 FC**

Court of Appeals of Arizona, Division 1.

FILED 6/15/2017

Dickinson Wright PLLC, Phoenix, By Marlene A. Pontrelli, Counsel for Plaintiff/Appellant

Tiffany & Bosco P.A., Phoenix, By David L. Rose, Justin P. Nelson, Counsel for Respondent/Appellee

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

## OPINION

McMURDIE, Judge:

¶1 Marjan H. Nia ("Mother") appeals from a superior court order modifying Ali H. Nia's ("Father") child support obligation. By affirming the child support order, we hold that (1) once the superior court determines there is a substantial and continuing change in circumstances, the court must apply the Arizona Child Support Guidelines, Arizona Revised Statutes ("A.R.S.") section 25–320 app. §§ 20, 24 (2015) ("Guidelines"), and then decide whether to deviate from the amount calculated pursuant to the Guidelines; (2) there is not a presumption for deviation based on a previously deviated order; (3) if the court finds that the application of the Guidelines would be inappropriate or unjust, it must make findings as to all relevant factors, including those set forth in A.R.S. § 25–320(D); and (4) to deviate from the amount calculated pursuant to the Guidelines, the court must determine both that the deviation is appropriate and that it is in the best interests of the child.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Mother and Father have 17–year–old triplets in common. The parties divorced in 2009. In a consent decree, Mother and Fa-

ther agreed to joint legal decision-making and equal parenting time. They further stipulated to have Father pay child support in the amount of $3830 per month, an upwardly deviated child support amount. In 2012, Father filed a petition to modify child support and, pursuant to the parties' stipulation, the court modified Father's child support to $3500, instead of the $1100 per the Guidelines ("2012 Order"). The Child Support Worksheet attached to the 2012 Order showed Father's gross monthly income at $54,852 and Mother's at $13,694.

¶3 On June 10, 2015, Father filed a Petition to Modify Child Support requesting his obligation be reduced to $406.94 per month as calculated per the Guidelines.[1] Based on the evidence presented at a hearing, the superior court found Father's income was $32,783 per month and Mother's was $22,489 per month. Both parents testified regarding their expenses, the Children's lifestyle during the parents' marriage, the Children's extracurricular activities, health insurance payments, and other needs.

¶4 Mother requested that her expert witness on finances be present in the courtroom during Father's testimony. Father objected, and the superior court denied her request.

¶5 After the hearing, the superior court concluded Father had shown a substantial and continuing change in circumstances warranting a review of the child support order. The court found, per the Guidelines, that Father was obligated to pay $623.84 per month in child support. The court determined a deviation from the Guidelines was not appropriate, and ordered Father to pay the guideline amount starting October 1, 2015. Father subsequently filed a Motion to Correct Mistake arguing the order should be effective from the first of the month following the date of service of his petition to modify. The court issued an amended final order with the child support modification effective on July 1, 2015. Mother timely appeal-

ed and we have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) and (2).[2]

## DISCUSSION

¶6 Mother argues the superior court erred by (1) finding substantial and continuing circumstances existed justifying a modification of the 2012 Order; (2) applying the child support Guidelines without considering the parties' previous deviation; (3) determining Mother had the burden to prove an upward deviation was in the Children's best interests; (4) applying the child support modification retroactively without ordering that Mother be reimbursed for expenses paid pursuant to the 2012 Order; and (5) excluding Mother's expert witness from the courtroom during Father's testimony.

¶7 "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal." *Little v. Little*, 193 Ariz. 518, 520, ¶5, 975 P.2d 108 (1999). "We will accept the court's findings of fact unless they are clearly erroneous, but we draw our own legal conclusions from facts found or implied in the judgment." *Nash v. Nash*, 232 Ariz. 473, 476, ¶5, 307 P.3d 40 (App. 2013). "[W]e will uphold the award unless it is 'devoid of competent evidence,'" *Id.* at 478, ¶16, 307 P.3d 40 (quoting *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶8, 156 P.3d 1140 (App. 2007)), and for any reason supported by the record. *Watson v. Apache County*, 218 Ariz. 512, 517, ¶23, 189 P.3d 1085 (App. 2008). We interpret the Guidelines de novo. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶21, 202 P.3d 481 (App. 2008).

## A. The Child Support Modification was Based on a Substantial and Continuing Change in Circumstances.

¶8 Mother contends the superior court erroneously found a substantial and continuing change in circumstances existed to justify modification of the child support paid by

---

1. The current Guidelines were adopted for actions filed after June 30, 2015. A.R.S. § 25–320 Appendix Preamble. However, the deviation criteria under the 2011 Guidelines are the same as the current Guidelines.

2. We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

Father, and failed "to consider the best interests of the minor children in determining a change in circumstances."

¶ 9 A child support order can be modified "only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25–327(A); Guidelines § 24(A) ("[E]ither parent ... may ask the court to modify a child support order upon a showing of a substantial and continuing change of circumstances."). Whether such a change occurred is a question of fact. *Schroeder v. Schroeder*, 161 Ariz. 316, 323, 778 P.2d 1212 (1989). The superior court retains "the sound discretion" to determine "whether changed circumstances exist to warrant modification of an award," *Pearson v. Pearson*, 190 Ariz. 231, 233, 946 P.2d 1291 (App. 1997), and the "Guidelines do not replace the exercise of trial court discretion; they focus it." *Id.* at 234, 946 P.2d 1291. In exercising its discretion, the superior court shall "consider the nature of the changes and the reasons for the changes." *Little*, 193 Ariz. at 523, ¶ 14, 975 P.2d 108 (quoting *In re Marriage of Clyatt*, 267 Mont. 119, 882 P.2d 503, 505 (1994)).

¶ 10 In this case, the superior court considered several circumstances appropriate to modify the 2012 Order, including that Father's income had decreased while Mother's had increased.[3] The evidence supports the superior court's determination that there was a substantial and continuing change in circumstances.

### 1. Father's decreased income.

¶ 11 Mother contends the change in Father's income is not substantial and continuing because Father's income remained substantially above the $20,000 a month cap in the Guidelines; Father decreased his working hours voluntarily; and Father's actual income would be higher than reported if the court

were to properly account for Father's personal expenditures covered by his business.

¶ 12 "[A] court reasonably may consider evidence of income prior to the modification petition to assist in determining the individual's current income and whether it has 'substantially' changed since the existing child support award was set." *Pearson*, 190 Ariz. at 236, 946 P.2d 1291. Evidence regarding current or reasonably projected income, and of recent years' income may assist the court in determining whether an increase or decrease in income is "continuing." *Id.*

¶ 13 Father testified, and his tax returns demonstrated, his annual income decreased from $441,636 in 2013 to $382,383 in 2014. Father explained that the decrease was due to fewer patients visiting his dental practice. The record supported the court's finding that Father's change in income was substantial and continuing, even without Father's recent voluntary reduction in working hours due to health concerns.

¶ 14 Mother asserts the court erred by concluding that Father's personal expenses paid by his business were *de minimus* and not counting the expenses as income. The court considered the evidence presented and resolved the factual disputes presented by the parties. Father testified the business reimbursed him for such expenses as uniforms, gas for a company vehicle, food for networking and other business purposes, and general office supplies. Father further testified he employed an accountant and bookkeeper to help him make appropriate determinations regarding business expenses. The court considered the issue of whether the benefits Father had received were "significant and reduce[d] personal living expenses," Guidelines § 5(D), and determined Father had not "sheltered" his income. We defer to the superior court's "determination of wit-

---

**3.** To request the 2012 Order modification, Father filed a petition titled Petition to Modify Child Support "Simplified Process." *See* Guidelines § 24(B) ("[I]f application of the guidelines results in an order that varies 15% or more from the existing amount," "[the] fifteen percent variation ... will be considered evidence of substantial and continuing change of circumstances."). The request for a "Simplified Procedure" was,

however, used incorrectly in this case because "the existing amount" of the 2012 Order was a deviated amount and not one resulting from the "application of the guidelines." *See id.* However, the superior court properly applied the "Standard Procedure" under Guidelines § 24(A) (substantial and continuing change in circumstances).

nesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676 (App. 1998).

### 2. Mother's increased income.

¶ 15 In finding modification of the 2012 Order appropriate, the court also considered changes in Mother's annual income, which increased from $241,421 in 2013 to $271,457 in 2014. Mother also reported $225,200 for the first eight months of 2015. The income gap of $41,158 between Father's and Mother's gross monthly income in the 2012 Order shrank to $10,294 in 2015. Mother did not dispute her income increased during this period. The reduction of the income gap between the parents further supported the court's finding of substantial and continuing change.

¶ 16 We hold the court did not abuse its discretion by finding a substantial and continuing change warranting modification of Father's child support payments. In exercising its discretion, the court properly considered "the nature of the changes and the reasons for the changes." *Little*, 193 Ariz. at 523, ¶ 14, 975 P.2d 108.

### B. The Superior Court Appropriately Applied the Child Support Guidelines after Finding a Substantial and Continuing Change in Circumstances.

¶ 17 Mother next argues the court erred by ordering Father to pay an amount based on the Guidelines because "the evidence overwhelmingly demonstrated a deviation was appropriate and just." Mother also contends the court erred by failing to consider its findings underlying the 2012 Order, which adopted the stipulated upward deviation.

¶ 18 Under A.R.S. § 25–320(A), parents may be ordered to "pay an amount reasonable and necessary for support" of their children. The Guidelines "establish a standard of support for children consistent with the reasonable needs of children." Guidelines § 1(A).

¶ 19 Once a court determines that there are substantial and continuing circumstances warranting a child support modi-

fication, the court determines the amount of child support pursuant to the Guidelines. The Guidelines dictate that in every case "the amount resulting from application of these guidelines shall be the amount of child support ordered." Guidelines § 3. If the amount calculated under the Guidelines appears adequate under the circumstances, the superior court does not need to consider a deviation allowed by the Guidelines. *See Pearson*, 190 Ariz. at 234, 946 P.2d 1291 (A.R.S. § 25–320 requires the superior court to follow the Guidelines and consider factors of A.R.S. § 25–320(D) only if it intends to deviate from the Guidelines).

¶ 20 If, however, the case presents circumstances where it appears to the court that the "application of the guidelines would be inappropriate or unjust," Guidelines §§ 3, 20, the court is then required to make findings as to "all relevant factors, including those set forth" in § 25–320(D). *Pearson*, 190 Ariz. at 234, 946 P.2d 1291. "[T]he court may deviate from the Guidelines *only if*, among other criteria, '[a]pplication of the guidelines [is] inappropriate or unjust in a particular case' *and* '[d]eviation is in the best interest of the child.'" *Id.* (emphasis added) (quoting A.R.S. § 25–320(A) (1997)); A.R.S. § 25–320(D); *see also* Guidelines § 20(A).

¶ 21 Although Mother contends the court failed to apply the § 25–320(D) factors, the court considered all relevant factors and made findings of fact. *See Pearson*, 190 Ariz. at 234, 946 P.2d 1291. The court found, *inter alia*, that the amount calculated pursuant to the Guidelines adequately provided for the Children's reasonable needs. *See* A.R.S. § 25–320(D)(1) ("The financial resources and needs of the child."). The court found the income of each parent to be significant and substantially similar. *See* § 25–320(D)(2) ("The financial resources and needs of the custodial parent."); *see also* Guidelines § 20 ("In cases with significant disparity of income between the custodial and noncustodial parent, a deviation may be appropriate."). The court concluded "each party would be able to meet all their living expenses quite comfortably without any assistance from the other party."

¶ 22 The court further concluded the Children "enjoy a very comfortable lifestyle ... that will continue unabated" with Father's payments based on the Guidelines. *See* § 25–320(D)(3) ("The standard of living the child would have enjoyed if the child lived in an intact home with both parents to the extent it is economically feasible considering the resources of each parent and each parent's need to maintain a home and to provide support for the child when the child is with that parent."); *see also Nash*, 232 Ariz. at 480, ¶ 27, 307 P.3d 40 ("[A] child's share in the good fortune of his or her parents must be subject to the limitation that the award be 'consistent with an appropriate lifestyle.' ") (quoting *Miller v. Schou*, 616 So.2d 436, 439 (Fla. 1993)).

¶ 23 The court found "no evidence of any special needs of the [Children], no extraordinary education or any extraordinary medical expenses." *See* § 25–320(D)(4) ("The physical and emotional condition of the child, and the child's educational needs."). The court ordered that Mother provide medical insurance, and that medical, dental and orthodontia expenses not covered by an insurance be paid 59% by Father and 41% by Mother. *See* § 25–320(D)(6) ("The medical support plan for the child."). Mother conceded the seventh factor was not relevant. *See* § 25–320(D)(7) ("Excessive or abnormal expenditures, destruction, concealment, or fraudulent disposition of ... property held in common."). Lastly, the court found the Children spend the same amount of time with each parent, with Father incurring the same type of marginal expenses as Mother. *See* § 25–320(D)(8) ("The duration of parenting time and related expenses.").

¶ 24 In this case, the court concluded the application of the Guidelines was appropriate and calculated Father's child support obligation to be $623.84 a month. Mother does not dispute the amount is a correct calculation per the Guidelines. Mother, however, contends an upward deviation from the Guidelines was appropriate because it was previously ordered by the court pursuant to the parties' agreement. We reject Mother's argument that there is a presumption for a deviation if it has been previously imposed.

¶ 25 The Guidelines provide "[t]he court may deviate from the guidelines based upon an agreement of the parties *only if* all of the following criteria are met: ... (4) The court complies with the requirements of Section 20.A." Guidelines § 20(B)(4) (emphasis added). Section 20(A) requires the court to consider whether "[a]pplication of the guidelines is inappropriate or unjust in the particular case." Guidelines § 20(A)(1). We hold that once a court finds there has been a significant and continuing change in circumstances from a previous child support order, the court must review the parties' situation anew; no presumption from a previous order exists.

¶ 26 Mother argues the court failed to make specific findings of fact regarding why a deviation was not in the best interests of the Children. For the reasons stated *supra* in ¶¶ 20–21, the superior court was only required to make express findings if it determined that a deviation *was* in the best interests of the Children. *See* Guidelines §§ 20, 24(A)(2); A.R.S. §§ 25–327(A), –503(E). Furthermore, Mother could have asked the trial court to make findings of facts and conclusions of law regarding the sought-after deviation pursuant to Arizona Rule of Family Law Procedure 82.[4] She did not do so, and has thus waived the argument on appeal that the superior court was obligated to explain why a deviation was not warranted. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal ... errors not raised in the trial court cannot be raised on appeal.").

## C. Mother Had the Burden to Prove a Deviation from the Guidelines was Appropriate.

¶ 27 Mother further argues the superior court erred by finding she had the

---

4. "In all family law proceedings tried upon the facts, the court, *if requested before trial*, shall find the facts specially and state separately its conclusions of law thereon...." Ariz. R. Fam. Law P. 82(A) (emphasis added).

burden of proof to show an upward deviation from the Guidelines was in the Children's best interests. Instead, Mother argues, the burden of proof remained with Father because he filed the petition for modification.

¶ 28 "The Guidelines provide that a parent seeking more than the presumptive child-support amount derived from the Guidelines and the Schedule 'shall bear the burden of proof to establish that a higher amount is in the best interests of the children.'" *Nash*, 232 Ariz. at 478, ¶ 16, 307 P.3d 40 (quoting Guidelines § 8). Because Mother sought a deviation from the Guidelines, she had the burden of proof. *See* Guidelines § 8 ("The party seeking a sum greater than this presumptive amount shall bear the burden of proof to establish that a higher amount is in the best interests of the children . . . .").

¶ 29 To support her argument, Mother relies on an opinion in which we determined that the party "seeking modification has the burden of establishing *changed circumstances* with competent evidence." *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16, 156 P.3d 1140 (App. 2007) (emphasis added). The superior court properly held Father to his burden to show changed circumstances. *Jenkins* does not support Mother's argument that she did not have the burden to establish that a deviation was appropriate after Father carried his burden of proving a significant and continuing change in circumstances.

**D. The Superior Court Appropriately Determined the Start of the Child Support Modification to Begin the First of the Month After Notice of the Petition to Modify.**

¶ 30 Mother further argues the trial court abused its discretion by modifying child support effective July 1, 2015, without compensating Mother for the expenses she had already incurred on behalf of the Children under the 2012 Order. Mother acknowledges that the court has such discretion in general, but she asserts that the court abused it in this case considering the parties' previous agreements.

¶ 31 Pursuant to A.R.S. § 25–503(E), an order of child support "[m]odification . . . [is] effective on the first day of the month following notice of the petition for modification." Father served his petition for modification by personal service on June 11, 2015. The superior court ordered the child support modification to begin on July 1, 2015. We find no error. A.R.S. § 25–503(E).

¶ 32 The court could have made an equitable adjustment under the statute. *See* A.R.S. § 25–503(E) (the court may order modification effective on a different date for good cause shown); *see also Wick v. Wick*, 107 Ariz. 382, 384, 489 P.2d 19 (1971) (action for divorce and related actions such as determination of child support are "generally considered equitable actions and are, therefore, conducted under the rules of equity"). However, the superior court found no factual support in Mother's contention that she paid all the "direct" expenses for the Children. The record supports the court's finding that Father purchased clothes, meals, provided spending money, and took the Children on vacations. The court further found that both parties incurred similar expenses and that Father had paid one-half of the extracurricular activities for the Children in the past. Finally, the court noted that if Mother incurred unreimbursed expenses for extracurricular activities, she could request that Father's half of the expense be taken out of the money she owed Father due to the effective date of the new child support order.

¶ 33 The court acted within its discretion by establishing the date for the new child support order on July 1, 2015. Mother has not demonstrated how she was prejudiced by the court's decision. *See Walsh v. Walsh*, 230 Ariz. 486, 494, ¶ 24, 286 P.3d 1095 (App. 2012) (quoting *In re Marriage of Molloy*, 181 Ariz. 146, 150, 888 P.2d 1333 (App. 1994)) ("We will reverse only if the complaining party suffers prejudice as a result of the error. Prejudice must appear affirmatively from the record.").

**E. The Superior Court Appropriately Exercised its Discretion by Excluding Mother's Expert Witness.**

¶ 34 Mother contends the superior court's exclusion of her expert witness during Father's testimony pursuant to Arizona Rule

of Evidence 615 prejudiced her ability to present her case.

¶ 35 Rule 615 states in pertinent part: "[a]t a party's request, [or on its own] the court *must* order witnesses excluded so that they cannot hear other witnesses' testimony," except "a person whose presence a party shows to be *essential* to presenting the party's claim or defense." Ariz. R. Evid. 615(c) (emphasis added).

¶ 36 Mother does not argue on appeal that her expert witness on finances was "essential" to the presentation of her case. Mother argues instead her expert witness's presence may have been helpful if the expert had the opportunity to hear Father's testimony so he could provide contradictory evidence. The superior court noted the expert was not necessary because the parties had "ample time to do discovery" and "there's [not] another expert on the other side." The court's application of the rule excluding the expert from the courtroom was not an abuse of discretion.

*See Spring v. Bradford*, 241 Ariz. 455, 459–60, ¶ 15, 388 P.3d 849 (App. 2017) (superior court has discretion to allow essential expert witness to listen to other testimony or review transcribed testimony).

## F. Attorney's Fees and Costs.

¶ 37 We deny both parties' requests for attorney's fees incurred in this appeal pursuant to A.R.S. § 25–324(A), but grant Father his costs on appeal pursuant to Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶ 38 For the forgoing reasons, we affirm.