NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MONICA J. MATHIS, *Petitioner/Appellant,*

*v.*

JAMES A. MATHIS, *Respondent/Appellee.*

No. 1 CA-CV 19-0143 FC
FILED 12-10-2019

Appeal from the Superior Court in Yavapai County
No. V1300DO201680249
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Offices of Robert L. Frugé, P.C., Prescott
By Robert L. Frugé
*Counsel for Petitioner/Appellant*

James A. Mathis, Clarksdale
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1 Monica J. Mathis ("Mother") appeals three aspects of the superior court's order of past child support for the eight months between the filing of the petition for dissolution and the temporary child support orders. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Mother and James A. Mathis ("Father") were married in December 1997 and have four children. Towards the end of the marriage, there were multiple periods of separation and multiple petitions for dissolution of the marriage. On July 29, 2016, Mother filed her last petition for dissolution of the marriage, seeking, *inter alia*, child support that deviates from the Arizona Child Support Guidelines, Arizona Revised Statutes ("A.R.S.") section 25-320 app. (2019) ("Guidelines").

¶3 Later, Mother filed a motion for temporary orders. At the temporary orders hearing in April 2017, the parties entered an agreement pursuant to Arizona Rule of Family Law Procedure 69. Under the agreement, Father was to pay Mother $1,900 in monthly child support and $5,000 in spousal maintenance pending trial and final orders.

¶4 Trial was held in two parts. The court first addressed legal decision making and parenting time. Four months later, the court heard evidence on child support, spousal maintenance and, again, parenting time. Mother advanced claims of child support for three separate time periods: (1) separation prior to the filing of the petition for dissolution; (2) eight months from the filing of the petition for dissolution to the beginning of support payments under the temporary orders; and (3) going forward post-dissolution. Mother maintained that, given the life to which the children were accustomed during the marriage—one she described as a life of wealth and privilege—an upward deviation from the Guidelines was warranted.

¶5        After hearing conflicting testimony on Father's income, the amount of Father's actual parenting time, and the dates of the couple's separations and reunifications, the court denied Mother's request for child support for the period before the petition for dissolution.  But the court found that Father should pay both past child support, for the eight months between the petition and the temporary orders, and future support from the date of dissolution until the children reach the age of majority.

¶6        As to the eight-month pre-dissolution period, the court ordered Father to pay past child support in the amount of $1,900 per month with no deviation from the Guidelines and ordered a $4,500 credit to him. For future child support, per the Guidelines, the court calculated a child support amount of $1,586 per month.  Finding that it was in the children's best interests, the court granted Mother's request for an upward deviation, ordering Father's final child support obligation at $3,200 per month.

¶7        The court denied Mother's request for continued spousal maintenance and her subsequent motion for partial reconsideration, issuing a child support order conforming to the minute entry and incorporating a single child support worksheet.  This appeal timely followed, and we have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶8        On appeal, Mother only seeks review of the past child support order pertaining to the eight months from the filing of the petition for dissolution to the beginning of support payments under the temporary orders.  Specifically, Mother contends the court erred in (1) not making the required findings for past child support, (2) finding that Father made creditable voluntary support payments to Mother, and (3) denying an upward deviation for past child support but granting one as to future support.  "We review child support awards for abuse of discretion." *Sherman v. Sherman*, 241 Ariz. 110, 112, ¶ 9 (App. 2016).

I.        Findings for Past Child Support Amount

¶9        Mother argues the superior court erred when it did not make findings or create a worksheet for past support, as required by the Guidelines.

¶10        Under A.R.S. § 25-320(B), a court may order a parent to pay child support back to the petition date:

If child support has not been ordered by a child support order and if the court deems child support appropriate, the court shall direct, using a retroactive application of the child support guidelines to the date of filing a dissolution of marriage . . . the amount that the parents shall pay for the past support of the child and the manner in which payment shall be paid, taking into account any amount of temporary or voluntary support that has been paid. Retroactive child support is enforceable in any manner provided by law.

¶11 The Guidelines provide that "[t]he court shall make findings in the record as to: Gross Income, Adjusted Gross Income, Basic Child Support Obligation, Total Child Support Obligation, each parent's proportionate share of the child support obligation, and the child support order." Guidelines § 22. The court may "incorporat[e] a worksheet containing this information into the file." *Id.*

¶12 In this case, the court directed that a single worksheet be created based upon the evidence. The court then incorporated the worksheet in its child support order for both past and future support. The child support order specifically provided that "[t]he required financial factors and any discretionary adjustments pursuant to the Arizona Child Support Guidelines are as set forth in the Parent's Worksheet." And the incorporated worksheet did, in fact, have the required findings. Although the worksheet's calculation equaled $1,586 per month in support and the court ordered Father to pay $1,900 per month in past support, resulting in a windfall to Mother, Father does not appeal this ruling. Therefore, we do not address it further.

¶13 Accordingly, the court did make the requisite findings by incorporating a child support worksheet, as allowed by the Guidelines.

II. Voluntary Support Credit

¶14 Mother also argues that the court erred when it credited Father with $4,500 in voluntary payments, which were not made during that same eight-month period.

¶15 Section 25-320(B) provides that the court shall take "into account any amount of temporary or voluntary support that has been paid." A.R.S. § 25-320(B). While often voluntary support will have been paid during the same time period for which the retroactive request is made, nothing in section 25-320(B) requires that the voluntary payments be paid exclusively during that period before the court may give a parent credit for

4

such payments. It is within the court's discretion, as finder of fact, to weigh the conflicting evidence and consider the parties' credibility in determining the character of any payments made by the parties. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998).

**¶16**         In this case, the record shows that Father paid Mother $3,000 for a three-month period, or $9,000, prior to the filing of the petition for dissolution, while the parties were separated but seeking reconciliation. The court found that "[n]either party disputes such payments were made" and "that additional payments were made to [Mother] from [Father], going further back to and beyond the date of separation," and the court "considered income, expenses, other payments and the uncertainties of back and forth reconciliation of [the] parties based upon evidence in reaching its conclusion." Therefore, the court credited Father with half of the voluntary contributions made to Mother, crediting $4,500 to his past child support obligation. The credit was not an abuse of discretion.

III.     Deviation

**¶17**         Lastly, Mother argues that, because the court granted her request for an upward deviation in the calculation of future child support and the circumstances were the same, the court should have also deviated from the Guidelines for past support.

**¶18**         Section 25-320(D) provides that in every case, "[t]he amount resulting from the application of these guidelines is the amount of child support ordered unless a written finding is made . . . that application of the guidelines would be inappropriate or unjust in a particular case." A.R.S. § 25-320(D). "The party seeking a sum greater than [the] presumptive amount shall bear the burden of proof to establish that a higher amount is in the best interests of the children . . . ." Guidelines § 8.

**¶19**         Mother is not entitled to a deviation for past support, but the court may grant one if it deems it appropriate. *See Nia v. Nia*, 242 Ariz. 419, 424, ¶ 19 (App. 2017) ("If the amount calculated under the Guidelines appears adequate under the circumstances, the superior court does not need to consider a deviation allowed by the Guidelines."). In this case, the court found that an upward deviation for past child support was not appropriate based upon:

> [T]estimony, and documentary evidence concerning payments in such timeframe, irrespective of characterization and specifically concluded that the amount going forward ($3,200) as granted by [the] Court as a deviation after a similar

comprehensive review, or any other number, *shall not be* used to calculate back payments, largely in part because of all other payments and general support made from [Father] to [Mother] in this matter.

**¶20**      The court did not err in rejecting Mother's request for a deviation as to past child support.

## CONCLUSION

**¶21**      We affirm the superior court's child support order in its entirety.



AMY M. WOOD • Clerk of the Court
FILED:  AA