NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

LAURA ANN CAVNESS, *Petitioner/Appellant*,

*v.*

BRIAN HOWARD WILSON, *Respondent/Appellee.*

---

CARL ENSTRAND, et al., *Intervenors/Appellees.*

No. 1 CA-CV 19-0827 FC
FILED 10-1-2020

---

Appeal from the Superior Court in Maricopa County
No. FC2012-004322
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

---

COUNSEL

Laura Ann Cavness, Phoenix
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge David B. Gass and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

¶1        Laura Ann Cavness, biological mother to G.C., appeals the trial court's order denying her Petition to Establish Child Support. Cavness and G.C.'s father, Brian Howard Wilson, divorced in 2013. In 2017, G.C.'s older sister and husband ("Intervenors") intervened to stand *in loco parentis* to G.C due to Mother's temporary involuntary commitment to a mental health facility and Father's then-unknown location. Since then, G.C. has resided with Intervenors. In November 2017, the court entered a child support order suspending Father's obligations under any prior agreement. Intervenors have never requested child support.

¶2        Among other ancillary proceedings, Cavness filed a petition asking the court to order her to pay child support to Intervenors and to order Father to pay her past child support. The trial court held a hearing on the petition on November 4, 2019.

¶3        At the hearing, the court treated Cavness's petition as a petition to modify child support, noting that prior orders on support had been entered. The court found Father's child support obligation terminated on November 1, 2017. The court also noted that Intervenors had not asked for child support and that Intervenors appeared to be providing for all of G.C.'s needs. The court accordingly found "there has been no substantial and continuing change that warrants modification of the current orders whereby neither Father nor [Cavness] are obligated to pay child support . . ." and denied the petition. Mother timely appealed.

¶4        We review the denial of a petition to modify child support for an abuse of discretion. *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017). A court may modify an award of child support based only upon "a showing of changed circumstances that are substantial and continuing." *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16 (App. 2007) (citing A.R.S. § 25-327). The moving parent bears the burden to demonstrate changed circumstances with competent evidence. *Id.* Mother did not present any evidence in the

trial court meriting a finding of changed circumstances from the previous order, and she does not allege any on appeal.

¶5        Mother argues that she "invoked her right to pay child support" under A.R.S. § 25-501 and that the court was therefore obligated to grant her petition. Put simply: the statute provides for no such right. *See Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 201, ¶ 3 (App. 2007) (a court applies the plain meaning of a statute). Section 25-501(A) establishes the general duty of parents to provide support for their children. It does not establish any standalone parental right to pay support in the absence of a court order to do so.

¶6        The trial court did not abuse its discretion and we therefore affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA