NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DONALD LEE ASKEW, *Petitioner/Appellant*,

*v.*

DANIELLE RENAE NUNEZ, *Respondent/Appellee*.

No. 1 CA-CV 22-0192 FC
FILED 5-25-2023

Appeal from the Superior Court in Maricopa County
No. FC2020-001309
The Honorable Nicole M. Brickner, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Donald Lee Askew, PROTECTED
*Petitioner/Appellant*

Danielle Renae Nunez, Goodyear
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**F U R U Y A**, Judge:

¶1        Donald Lee Askew ("Father") appeals from the superior court's February 17, 2022 order modifying the child support award to Danielle Renae Nunez ("Mother"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Mother share one minor child in common. After the parties separated in January 2020, Father filed a Petition to Establish Legal Decision Making, Parenting Time, and Child Support. In June 2021, the superior court conducted an evidentiary hearing and awarded Mother $681 monthly in child support. At the hearing, the court credited Mother with an income of $17 per hour for full-time employment, plus approximately $975 monthly from real estate sales. Although the court stated that it "suspects Mother may earn more than $975 per month through the year," it did not attribute any additional income to Mother.

¶3        In January 2022, Father petitioned to modify the child support order alleging changed circumstances, including that Mother had "sold over 7 homes this year," and attaching information from a website purporting to show her home sales. The court conducted an evidentiary hearing on February 17, 2022, and reduced Father's child support to $575 monthly. That same day, Father filed a "Motion to Appeal Child Support Ruling," alleging Mother's failure to provide updated financial information before the hearing led Father "to believe that [Mother's] income calculate[ed] [at the hearing] was completed with incorrect figures." Father's motion also acknowledged he had "decided to proceed with the [February 17] hearing without receiving an updated income affidavit from [Mother]." The motion requested Mother provide updated financial information so the court "can recalculate figures for the child support modification."

¶4        In a minute entry dated March 17, 2022, the court denied Father's Motion to Modify Child Support Ruling, treating it as a request for

relief from a judgment pursuant to Arizona Rule of Family Law Procedure 85. Relevant to our purposes here, the court further explained:

> At the February 17, 2022 Child Support Hearing, the Court asked [Father] if he wanted to continue the hearing to receive [Mother]'s financial information. [Father] admits in his Motion, he decided to proceed with the hearing without receiving [Mother]'s updated financial information. The Court informed [Father] that it would most likely be using the previous findings from Judge LaBianca's previous June 22, 2021 Child Support Order as it had no objective proof of [Mother]'s updated financial information. Again, [Father] wanted to proceed with the hearing. After the hearing, [Father] appears to have changed his mind.

¶5 Father timely appealed,[1] as we treat his February 17 Motion to Appeal Child Support Ruling as a Notice of Appeal pursuant to Arizona Rule of Civil Appellate Procedure 8. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6 On appeal, Father requests a recalculation of child support, arguing that "[c]ompelling evidence was provided" to the court demonstrating a "substantial increase" in Mother's income and that the court had erroneously calculated child support without updated financial information from Mother.

¶7 We review the modification of a child support award for an abuse of discretion. *Nia v. Nia*, 242 Ariz. 419, 422 ¶ 7 (App. 2017). "We accept the court's factual findings unless clearly erroneous but review de novo the court's conclusions of law and interpretation of the Arizona Child Support Guidelines." *Sherman v. Sherman*, 241 Ariz. 110, 113 ¶ 9 (App. 2016). We will affirm the superior court's decision if it is supported by the record for any reason. *Nia*, 242 Ariz. at 422 ¶ 7.

---

[1] Father filed additional documents with the superior court and with this court on May 17, 2023, after filing this notice of appeal regarding the February 17 evidentiary hearing and child support modification. But our review is limited to the information presented in the superior court prior to that court's ruling. Any new information the parties believe is relevant to a potential modification of the current child support award must first be presented to the superior court.

## I.   Father Waived Arguments by Failing to Object at the February 17 Evidentiary Hearing.

**¶8**      To the extent Father argues the court failed to consider evidence of Mother's increased income, he waived that argument by agreeing to continue with the February 17 hearing using prior financial information from Mother.

**¶9**      The Arizona Rules of Family Law Procedure require parties to exchange Affidavits of Financial Information within 20 days after service of a motion to modify child support and comply with other disclosure requirements within the time established by the superior court or as agreed to by the parties. Ariz. R. Fam. L. P. 91.1(c); 91(m); 49(e)(1)–(2). However, the court may properly consider "evidence of income prior to the modification petition" to determine whether a party's income has substantially changed since the current child support award was set. *Pearson v. Pearson*, 190 Ariz. 231, 236 (App. 1997). "Evidence regarding current or reasonably projected income, and of recent years' income may assist the court in determining whether an increase or decrease in income is 'continuing.'" *Nia*, 242 Ariz. at 423 ¶ 12.

**¶10**     The record shows Father failed to timely object to the court's use of Mother's outdated financial information in modifying child support. As reflected in the court's Minute Entry and Father's motion, when Father was allowed to continue the hearing to obtain updated financial information from Mother, he declined. He instead voluntarily agreed to move forward with the evidentiary hearing on February 17, despite the court's warning it would be relying on the financial information used to calculate a previous child support order. Father's choice to not continue the hearing when allowed to do so constitutes a waiver of any challenge to the court's use of Mother's outdated financial information.

## II.   We Cannot Reweigh Evidence on Appeal.

**¶11**     Father further argues the court erroneously ignored evidence of Mother's income that he presented. As the appellant, it was Father's responsibility to file trial transcripts when necessary for consideration of his arguments on appeal. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). When an appellant fails to include transcripts in the appellate record, "we assume they would support the [superior] court's findings and conclusions." *Id.*

**¶12**     Here, Father attached information purportedly showing Mother's home sales when he filed his Petition to Modify Child Support prior to the hearing. However, we cannot know whether or to what extent

the court considered these attachments because Father failed to file transcripts from the February 17 evidentiary hearing for inclusion in the appellate record. Without the transcripts from the February 17 evidentiary hearing, we presume the testimony and evidence presented at that hearing support the court's order. *See Reeck v. Mendoza*, 232 Ariz. 299, 302 ¶ 12 (App. 2013). We cannot conclude that it abused its discretion in modifying the child support award on this incomplete record.

¶13        Moreover, we will not re-weigh the evidence the court properly considered. *See Premier Fin. Servs. v. Citibank*, 185 Ariz. 80, 87 (App. 1995); *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009); *C. I. T. Corp. v. First Nat'l Bank of Winslow*, 33 Ariz. 483, 486 (1928) (observing that weighing evidence "has been uniformly held to be the province of the" fact-finder). The court's Minute Entry from the hearing indicates it heard the parties' testimony and "review[ed] [] the court file." To the extent the court *did* consider the evidence Father presented, we are precluded from re-weighing it to change the court's child support award on appeal. *See Hurd*, 223 Ariz. at 52 ¶ 16. In either case, Father's appeal fails.

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA