NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MICHAEL M. MORITOMO, *Petitioner/Appellant*,

*v.*

STATE OF ARIZONA, ex rel., DEPARTMENT OF ECONOMIC
SECURITY, *Petitioner/Appellee*,

and

TINA FISCHER, *Respondent/Appellee.*

No. 1 CA-CV 23-0227 FC
FILED 3-26-2024

---

Appeal from the Superior Court in Maricopa County
No. FC2002-004790, FC2017-053288 (Consolidated)
The Honorable Michelle Carson, Judge

**AFFIRMED**

---

COUNSEL

Michael M. Moritomo, Humboldt
*Petitioner/Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer Blum
*Counsel for Petitioner /Appellee*

Tina Fischer
*Respondent /Appellee*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

<hr>

**F O S T E R**, Judge:

¶1   Petitioner Michael Moritomo ("Father") appeals the superior court's ruling modifying his child support obligation to Tina Fischer ("Mother"). For the following reasons, this Court affirms.

**FACTS AND PROCEDURAL HISTORY**

¶2   In 2017, after Mother petitioned for child support, the court ordered Father to pay temporary child support to Mother for three of their common children: H.M., E.M., and L.M. The court issued final orders in 2018, listing a monthly income of $5,416.67 for Father on the child support worksheet. About a year later, Father moved to modify the order citing a change of circumstances, namely that Mother was emotionally manipulating the children against him. To determine the amount of income that should be attributed to Father, the court heard, among other things, evidence that he ran an insurance company, that he previously held an insurance agent's license, that the loss of his license limited his ability to conduct certain business, that he cohabitated with his significant other for years, and that he split costs with his significant other. The court found that he was receiving a continuing gift from his significant other and attributed to him the same amount of income as the 2018 order.

¶3   In 2022, Father again moved to modify his child support order. His request alleged three changed circumstances justifying modification: (1) he fathered a new child, (2) he became a stay-at-home father, and (3) H.M. had emancipated. At trial, Father testified that he is currently a stay-at-home father with no income and that he last worked from 2016 until 2019 making between $12,000 and $20,000 per year. He further testified that he lived with—and cared for—four of his other children, none of whom he shared with Mother. He testified that he volunteers his time coaching and supporting youth athletes. He also testified that when he possessed his license to sell insurance, he made

2

between $35,000 and $50,000 per year and he twice unsuccessfully sought to regain the license, in 2013 and 2015. Father's significant other testified that she had been paying his child support from her account because Father did not have a bank account or any income.

¶4            The superior court partially granted the motion, finding that one child had emancipated and that Father was supporting one child at his home. But the court again attributed to Father the same amount of income used for the previous orders and denied including three other children living with him and his significant other because he failed to provide an acknowledgement of paternity for those children. Ultimately, Father's child support order increased, even with the consideration of the change of circumstances.

¶5            Father timely appealed. This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶6            Child support orders are reviewed for an abuse of discretion, viewing the record "in the light most favorable to upholding the trial court's decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). But a court's attribution of income to a parent is reviewed *de novo. See Pullen v. Pullen*, 223 Ariz. 293, 295, ¶ 9 (App. 2009). The superior court abuses its discretion if its order lacks a competent evidentiary basis. *Little*, 193 Ariz. at 520, ¶ 5. To modify a child support order, the moving party bears the burden of proving that substantial changes in circumstances have occurred that warrant modifying the support. *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16 (App. 2007); *see also* A.R.S. § 25-327(A).

## I.      The Superior Court Did Not Err by Attributing Income to Father.

¶7            Father makes several arguments that the court erred in attributing income to him. But each argument fails.

            A. The superior court properly attributed income to Father on the presumption that he could find suitable employment.

¶8            Father argues that the record does not support attributing over $5,000 of income per month to him for child support calculations. Father points to his present unemployment and that his prior employment did not earn him a comparable income.

¶9        When a parent is unemployed, the court may attribute income to that parent on the presumption that the parent is capable of full-time employment earning at least minimum wage. A.R.S. § 25-320(N); A.R.S. § 25-320 app. ("Guidelines") § II(A)(4). The presumption may be rebutted by "contrary evidence" that the parent is incapable of such employment. A.R.S. § 25-320(N).  The court must balance various factors regarding why the parent is unemployed before attributing income. *Little*, 193 Ariz. at 520, ¶ 4. The Guidelines provide guidance to focus the courts' exercise of their discretion. *See id.* at 521, ¶ 6 ("[T]he Guidelines are not substantive law, but function rather as a source of guidance to trial courts in applying the substantive statutory and case law." (citation omitted)); *Nia v. Nia*, 242 Ariz. 419, 423, ¶ 9 (App. 2017) ("[T]he Guidelines do not replace the exercise of trial court discretion; they focus it." (internal quotations omitted)). "In construing the Guidelines, [this Court] look[s] first to their plain language" and "strive[s] to interpret the relevant section[s] in conjunction with other provisions of the Guidelines and consistent with their overall purpose." *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 10 (App. 2015) (citations omitted). Factors that courts may consider when attributing income include "[t]he parents' assets, residence, employment and earnings history, job skills, educational attainment, literacy, age, health, criminal record and other employment barriers, and record of seeking work," along with "[t]he local job market, the availability of employers willing to hire the parents, the prevailing earnings level in the local community," and the field of employment's standard full-time hours. Guidelines § II(A)(4)(d).

¶10        Here, the record reveals several factors supporting the court's attribution of income to Father. Father is below retirement age with no alleged physical or mental disabilities preventing him from working. His education and job skills previously permitted him to obtain an insurance license and earn between $35,000 and $50,000 in the mid and early 2000s. Although Father lost his insurance license and has twice failed to regain it, the last denial was in 2015 and the record does not show that his efforts would remain unsuccessful. Further, the record indicates that Father could obtain alternative employment and that he has obtained employment since losing his license. Father also participates in volunteer coaching activities about three to four hours a day, seven days a week, which indicates he has the time and capacity to work. He even testified that he would be willing to quit these volunteer activities if required to pay his child support obligations.

¶11        When a parent voluntarily becomes unemployed, the court must also determine the reasonableness of that decision. Guidelines § II(A)(4)(e)(ii)-(iii). These additional factors that the court must consider

include the financial impact on the children, the parent's educational and physical capacity to find work, whether the decision "is likely to increase the parent's earning potential," whether the children are likely to benefit from increased future income, whether the parent can pay the child support obligation from other revenue sources, and whether the parent made the decision in good faith. *Little*, 193 Ariz. at 522-23, ¶¶ 12-13.

**¶12**         Although this Court accepts that Father acted in good faith to care for his other children, this factor alone does not demonstrate error. *See Milinovich*, 236 Ariz. at 615, ¶ 10 (noting "that a parent's child support obligation is paramount" (quoting *Little*, 193 Ariz. at 521, ¶ 6)). Father's decision to stay home with his other children or do volunteer work will not increase his earning potential which would benefit his children under the child support order in the long run. Also, though the loss of his insurance license does mean he cannot do work requiring the license, his work history has demonstrated that he has run a company and worked in other capacities. Substantial evidence supports a finding that it is possible for him to find suitable work even without an insurance license. The record also shows that Father's obligation has consistently been—and is currently being—satisfied by his significant other. Balancing these factors and the premise that Father's child support obligation is paramount, his voluntary unemployment is unreasonable and supports the court's attribution of income.

> B. <u>The superior court properly attributed recurring benefits and gifts from his significant other in determining Father's income.</u>

**¶13**         Father also contends that the court erred by attributing his significant other's income to him. This Court agrees that the income of a non-parent, such as a new spouse or significant other, is not automatically included in the parent's income. Guidelines § II(A)(2)(c). But the court can consider benefits derived from a new relationship. *See Cummings v. Cummings*, 182 Ariz. 383, 387 (App. 1994) ("[I]n considering the equities affecting child support, a court may still take into account any regular and substantial benefits a parent receives from remarriage."). Also, a parent's income for child support purposes includes "recurring gifts." Guidelines § II(A)(1)(b). Here, Father's significant other paid his monthly child support and arrears payments, totaling about $1,100 per month from her own wages. These payments directly supported Father. In addition, Father is living free from the burden of monthly rent or mortgage expenses and other living expenses which are being paid by his significant other. These are

recurring benefits Father derives from his relationship with his significant other and may be properly attributed to him as income.

C. <u>The superior court properly considered Father's ability to pay.</u>

¶14         Child support payments must consider a parent's ability to pay. Guidelines § I(B)(1); *see also In re Marriage of Allen*, 241 Ariz. 314, 317, ¶ 13 (App. 2016) (noting that the parents' ability to pay is one public policy consideration rooted in the Guidelines). But the Guidelines account for a parent's need "to maintain at least a minimum standard of living" by including a Self-Support Reserve Test. Guidelines § VIII(A). Here, the court properly applied the test when calculating Father's child support.

D. <u>The superior court was not required to make specific findings.</u>

¶15         For family court orders, the superior court is not required to make specific findings of fact unless a party so requests, *see* Ariz. R. Fam. Law P. 82(a)(1), or if the court deviates from the amount of child support calculated by the Guidelines, *Nia*, 242 Ariz. at 424, ¶¶ 19–20.

¶16         Here, no party requested written factual findings pursuant to Rule 82(a)(1). And the superior court did not deviate from the child support calculated using the Guidelines' mechanism, so it was not required to make findings under *Nia, supra*. After review of the record, this Court finds no error with the court's attribution of income to Father and ultimate calculation of child support.

**II.    The Superior Court Did Not Abuse Its Discretion by Not Including the Other Three Children.**

¶17         Father contends that the court erred by not including his three other children who reside with him and his significant other in the child support calculation. Parents' legal obligations to support other children may impact their child support obligation for the children at issue in an order, but when no legal obligation exists, child support is not impacted. *Compare* Guidelines § II(B)(2)(d) ("If a parent is the primary residential parent of a child from other relationships, that parent's Child Support Income may be reduced.") *with* § I(C)(1) ("The 'support' of other persons, such as stepchildren, is considered voluntary and does not impact the child support determined under the Guidelines.").

**¶18** Here, the court credited Father with supporting one additional child because it had already found that Father was the legal parent in a prior proceeding. As for the other three children, Father and his significant other testified that the children are theirs in common. But they never married, and paternity is not presumed if the child is born out of wedlock unless there is genetic testing, a signed birth certificate, or a notarized or witnessed voluntary acknowledgment. *See* A.R.S. § 25-814(A). Although Father testified that he signed the three children's birth certificates, the court never received supporting documentary evidence. Further, the court specifically found Father was not a credible witness. Thus, the court did not err by finding Father failed to establish that he was the father of the other three children. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019) ("On appeal, we do not reweigh the evidence but defer to the family court's determinations of witness credibility and the weight given to conflicting evidence.").

**¶19** Even if the court found the evidence of Father's paternity adequate, whether to credit a parent with the support of other children lies within the superior court's discretion. *See* Guidelines § II(B)(2)(d) ("If a parent is the primary residential parent of a child from other relationships, that parent's Child Support Income *may* be reduced.") (emphasis added); *In re Marriage of Pacific*, 168 Ariz. 460, 465 (App. 1991) ("[W]e find no abuse of discretion in the court's decision to credit Mother but not Father for supporting other children."). Notably, in 2019, the superior court addressed this same issue in a footnote when calculating Father's child support obligation. At that time, it found that crediting Father for his other children was not in the best interests of the children affected by the order.

**¶20** The superior court did not abuse its discretion in including only one of Father's additional children in its child support calculation.

## CONCLUSION

**¶21** For the reasons above, the court's child support order is affirmed.

