NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

EILEEN LAWLESS, *Petitioner/Appellee,*

*v.*

PRZEMYSLAW JAKUB OLECH, *Respondent/Appellant.*

No. 1 CA-CV 24-0620 FC

FILED 03-06-2025

Appeal from the Superior Court in Maricopa County
No. FC2016-072382
The Honorable Jillian Francis, Judge

**AFFIRMED**

COUNSEL

Stanley David Murray Attorney at Law, Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellee*

Przemyslaw Jakub Olech, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge David B. Gass and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

¶1   Przemyslaw Olech ("Father") appeals the order modifying his child support obligation. For the reasons stated below, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   The parties divorced in 2017 and have two children born in 2006 and 2009. In April 2022, the parties agreed to modify parenting time and child support. Under the modified parenting plan, Father had parenting time every other weekend, and during the school year, had alternating Mondays after school to 8 p.m. The parties agreed that Father would pay $600 a month for child support, which was a downward deviation from the $1,405 support amount generated under the 2018 Child Support Guidelines. *See* A.R.S. § 25-320, appx. ("Guidelines"). In November 2022, the parties agreed to modify parenting time so that Father had alternate Mondays in the summer only. They did not change the child support order.

¶3   In February 2024, Mother petitioned to modify the $600 stipulated child support order. She sought to use the simplified method, stating that application of the 2022 Guidelines resulted in a child support order of $1,524, which is a difference of more than 15%. Father moved to dismiss, arguing their financial circumstances had not changed significantly since the last order. The superior court denied the motion to dismiss without comment.

¶4   The court held an evidentiary hearing on Mother's petition to modify child support using the simplified procedure. The court again denied Father's motion to dismiss but ruled that it would apply the standard procedure. After hearing arguments, the court found a continuing and substantial change in Mother's income and the parenting time schedule. Applying the 2022 Guidelines, the court ordered Father to pay

$1,533 a month in child support. Father timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5 The superior court has discretion in deciding whether to modify a child support order. *Nia v. Nia,* 242 Ariz. 419, 422 ¶ 7 (App. 2017). We affirm the ruling absent an abuse of discretion and accept the court's findings of fact unless they are clearly erroneous. *Id.* We interpret the Guidelines de novo. *Id.*

## I. The Court Properly Considered Mother's Petition Under the Standard Modification Procedure.

¶6 Father argues the court should have dismissed Mother's petition to modify using the simplified procedure because the existing child support order was a deviated amount. In *Nia*, we held that the simplified procedure does not apply when the prior child support order was a deviated amount. *Id.* at 423 ¶ 10 n.3. No doubt, *Nia* precluded the superior court from granting Mother's requested simplified modification procedure from the deviated support order. But instead of dismissing the petition, the court exercised its discretion and heard the matter as a standard modification. *Id.* Thus, there was no error.

## II. The Modification Was Based on a Substantial and Continuing Change in Circumstances.

¶7 A child support order may be modified only upon a substantial and continuing change in circumstances. A.R.S. § 25-327(A); Guidelines § XIV(A); *Little v. Little,* 193 Ariz. 518, 520–21 ¶ 6 (1999). Whether such changes occurred is a question of fact. *Schroeder v. Schroeder,* 161 Ariz. 316, 323 (1989). Absent an abuse of discretion, we affirm the court's discretionary decision about the sufficiency of the changed circumstances supporting a modification. *Id.*

¶8 Here, the court found that both parties' incomes increased. Mother's income increased more significantly than Father's. Father's income increased from $11,855 to $12,060—or 1.729%—and Mother's increased from $3,680.67 to $4,508.42—or 22.15%.

¶9 Father argues that an increase in Mother's income cannot constitute grounds for increasing his child support obligation because it only reduced her need for child support. But, this reasoning only pertains because the prior order was a substantial downward deviation from the

Guideline amount. It is, nonetheless, a significant and continuing change in Mother's financial circumstances. The calculation of child support is based on both parents' incomes. *See* Guidelines § I(A). Thus, a significant change in one parent's income may provide grounds for modification. The fact that the prior child support order was a downward deviation does not prevent either parent from asking the court to consider whether application of the Guidelines—rather than a previously agreed upon lower amount—is warranted when there is a change in circumstances.

**¶10** Father argues that other evidence concerning Mother's financial circumstances did not support a finding of changed circumstances. We disagree. Father did not provide transcripts from either hearing. It is Father's duty, as the appellant, to ensure the record on appeal contains the transcripts necessary for consideration of the issues on appeal. *See* ARCAP 11(c). When such transcripts are not included, "we assume the missing portions of the record would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30 ¶ 16 (App. 2003).

**¶11** Absent transcripts, we presume the evidence supported the conclusion that the significant change in Mother's income warranted a modification of the previously reduced child support order.

## III. The Record on Appeal Supports the Implicit Denial of Father's Request for a Deviated Support Order.

**¶12** Father argues the court erred by denying his request to continue the downward deviation in child support. The party seeking a deviation has the burden of proving it is in the children's best interests. *Nash v. Nash*, 232 Ariz. 473, 478 ¶ 18 (App. 2013).

**¶13** That the prior order was a downward deviation does not, *ipso facto*, require the court to maintain the deviation. Once the court finds a substantial and continuing change in circumstances, the "court must review the parties' situation anew; no presumption from a previous order exists." *Nia,* 242 Ariz. at 425 ¶¶ 24–25 (rejecting argument that there is a presumption for a deviation).

**¶14** Father claims the evidence showed a downward deviation was appropriate and Mother's petition was in retaliation for a dispute on another issue. Because we lack a transcript, we presume the record supports the court's implicit denial of Father's request to deviate from the Guideline amount. *Burton,* 205 Ariz. at 30 ¶ 16. We affirm the court's application of the Guidelines.

**ATTORNEYS' FEES AND COSTS ON APPEAL**

**¶15**        Both parties request an award of attorneys' fees and costs on appeal under A.R.S. § 25-324. In our discretion, after considering their financial resources and the reasonableness of the parties' positions, we order each party to pay their own attorneys' fees. As the successful party on appeal, Mother is entitled to an award of costs under A.R.S. § 12-342(A) upon compliance with ARCAP 21.

**CONCLUSION**

**¶16**        We affirm the child support order.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR