IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Matter of:

HEIDI L. NICKEL, *Petitioner/Appellee,*

*v.*

CHRISTOPHER K. POTTER, *Respondent/Appellant.*

No. 1 CA-CV 22-0451 FC
FILED 10-10-2023

---

Appeal from the Superior Court in Maricopa County
No. FC2010-052126
The Honorable Andrew J. Russell, Judge
The Honorable Richard Albrecht, Judge *Pro Tempore*
The Honorable Michelle Carson, Judge

**AFFIRMED**

---

APPEARANCES

Heidi L. Nickel, Cave Creek
*Petitioner/Appellee*

Christopher K. Potter, Cave Creek
*Respondent/Appellant*

_____

**OPINION**

Judge Michael J. Brown delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael S. Catlett joined.

_____

**B R O W N**, Judge:

¶1        Christopher K. Potter ("Father") appeals the superior court's ruling vacating a child support order that was entered without consideration of the most recent order issued by a different judge in the same case. Because a petition to modify child support must seek to modify the most recent child support order issued in the divorce proceeding, we affirm.

**BACKGROUND**

¶2        Heidi L. Nickel ("Mother") petitioned for divorce in 2010. After a default hearing, the superior court awarded Mother sole custody of the parties' two minor children and ordered Father to pay child support. In 2011, Father and Mother stipulated to joint custody, with neither party paying child support.

¶3        In 2020, Mother petitioned to modify legal decision-making, parenting time, and child support. After an evidentiary hearing, the court awarded Mother sole legal decision-making, with Father having supervised parenting time along with the obligation to pay Mother $998 per month in child support ("October 2020 Order").

¶4        On December 1, 2020, Mother petitioned to enforce child support. The superior court set a hearing for mid-January 2021 to address Mother's petition, ordering the parties to appear. On December 29, 2020, Father filed a petition to modify the October 2020 Order through the "simplified process" authorized by the Arizona Child Support Guidelines. *See* A.R.S. § 25-320 app. ("Guidelines") § XIV.C. He attached a child support worksheet and a proposed order listing his child support obligation as $76 per month, effective January 1, 2021.

¶5        As a result of the January 2021 hearing, Judge Carson issued a minute entry acknowledging that the parties had "reached a full agreement." Judge Carson then approved the parties' stipulated judgment and order ("January 2021 Order"), which confirmed the child support

arrears owed by Father, and stated that he "shall continue to pay $998.00 per month as and for current child support in accordance with [the October 2020 Order]." The parties also agreed that an income withholding order would be issued against Father's wages in that amount.

¶6            Several weeks later, and presumably unaware of the January 2021 Order, Judge Albrecht issued an order stating that "Father is obligated to pay child support to Mother" in the amount of $76 per month ("February 2021 Order"). Neither the January 2021 Order nor the February 2021 Order included any reference to Arizona Rule of Family Law Procedure ("Rule") 78(b) or (c) suggesting the orders were appealable. Mother then petitioned to modify in March 2021, explaining that after Father filed his December petition, Father's obligation to pay $998 per month was confirmed at the January 2021 hearing. Mother contended that although she was served with Father's petition in December 2020, as a self-represented litigant at the time, she believed it would be addressed at the January 2021 hearing, which was "well within the 20-day response time."

¶7            For various reasons not relevant here, the hearing on Mother's petition was not held until April 2022. Judge Russell heard from both parties on their competing positions about the enforceability of the January 2021 Order versus the February 2021 Order. Mother explained that the parties entered their agreement as a result of the January 2021 hearing, and she did not object to Father's petition because she believed it was resolved at that time. She suggested that Judge Albrecht did not know about the January stipulation. Father countered that he did not believe the February 2021 Order was a mistake; it was correctly entered because he was making less than minimum wage at that time. The parties also testified about their respective finances.

¶8            In May 2022, Judge Russell issued his ruling, finding that the parties resolved the issue of Father's child support obligation at the January 2021 hearing, when Father agreed to keep paying $998 per month. Judge Russell explained that "[n]othing in the [January 2021 Order] suggest[ed] that Father retained the right to contest the amount of child support" originally set forth in the October 2020 Order. Noting that Father's petition was "unfortunately routed" to Judge Albrecht in February 2021, Mother's failure to request a hearing under the Guidelines was "understandable given that the parties had already resolved the issue" at the January 2021 hearing. Judge Russell thus vacated the February 2021 Order but declined to make any changes to Father's child support obligation. Father timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

**DISCUSSION**

**¶9** We review child support awards for an abuse of discretion, *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018), and we will affirm the court's rulings for any reason supported by the record, *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017). We review the superior court's interpretation of the Guidelines de novo, *Amadore v. Lifgren*, 245 Ariz. 509, 518, ¶ 28 (App. 2018), and we interpret rules according to statutory construction principles, *Gutierrez v. Fox*, 242 Ariz. 259, 267, ¶ 28 (App. 2017). "If the language of a statute or rule is unambiguous, 'we apply it as written.'" *Id.* (citation omitted). We strive to harmonize related provisions in the context of the overall scheme. *Id.*

**¶10** Father argues Judge Russell erred by vacating the February 2021 Order because Judge Albrecht was "required" to enter the order under the simplified procedure authorized by the Guidelines. Under the Guidelines, however, after Mother failed to request a hearing, in addressing Father's request the court had the option of either "enter[ing] an appropriate order or set[ting] the matter for hearing." *See* Guidelines § XIV.C.8.

**¶11** Father also contends that if Mother wanted to challenge Judge Albrecht's ruling, she needed to file a notice of appeal or appropriate post-judgment motion instead of a modification petition. Without citing authority, Father also asserts that Judge Russell had no right to unilaterally question the validity of the February 2021 Order.

**¶12** The superior court may modify a child support order only under circumstances authorized by law, which include (1) a petition to modify filed under Rule 91.1 after the latest order in the case, (2) a motion to alter or amend, or the court's own authority, under Rule 83, (3) correction of a mistake or omission, or motion to set aside under Rule 85, (4) an appellate court decision directing it to do so, and (5) when legally justified, the court's inherent authority. Father's December 2020 petition was filed before the January 2021 Order, so it became moot when he stipulated to entry of that order. Because he has not established how Judge Albrecht had legal authority to enter an order that would have substantially changed his child support obligation under the January 2021 Order, Father cannot show Judge Russell abused his discretion in vacating Judge Albrecht's order.

**¶13** The *standard* procedure for child support modification provides that the superior court may modify the provisions of a child support decree if a party shows "changed circumstances that are substantial

and continuing." A.R.S. § 25-327(A); *see also* Guidelines § XIV.B ("The petitioning party bears the burden of showing of a substantial and continuing change of circumstances from the date when the existing Child Support Order was filed.").

**¶14**     Under the *simplified* procedure, a party may also petition the court to modify a child support order if applying the Guidelines "results in an order that varies 15% or more from the existing amount." Guidelines § XIV.C. "A 15% variation in the amount of the order is considered evidence of substantial and continuing change of circumstances . . . ." *Id.* The party's petition "must be accompanied by a completed and sworn Child Support Worksheet, and documentation supporting the incomes if different from *the court's most recent findings* regarding income of the parents." *Id.* (emphasis added). Whether a party seeks modification under the standard or the simplified procedure, we hold that a petition for modification must be directed to the most recent child support order. We reach this conclusion based on the language used in the Guidelines, which contemplates that the most recent child support order is the benchmark for a judicial officer to decide whether the existing child support obligation should be modified.

**¶15**     Our holding also eliminates potential confusion on the scope of the issues the parties should be prepared to litigate in addressing the petition to modify. It further allows for both flexibility and certainty, depending on the stage of the proceeding. Judgments, including orders establishing or modifying child support, are not appealable unless they include a recitation under Rule 78(b) or (c); otherwise, they are modifiable until that language is added. *See Motley v. Simmons*, 1 CA-CV 22-0541, ___Ariz. ___, ¶¶ 12, 15 (App. October 10, 2023); Ariz. R. Fam. Law P. ("ARFLP") 78(b) (stating that when more than one claim for relief is presented in a judgment, the decision "is subject to revision at any time" if, in part, the court has not recited that the judgment is entered under Rule 78(b)); ARFLP 78(c) ("A judgment as to all claims, issues, and parties is not appealable unless the judgment recites that no further matters remain pending and that the judgment is entered under Rule 78(c)."). Contrary to Father's assertion, the February 2021 Order was not appealable because it did not include any recitation that it was appealable under Rule 78. *See Motley*, ___ Ariz. at ___, ¶ 12 (explaining that the 2022 amendments to Rule 78 apply to all pending cases, including appeals).

**¶16**     Given these circumstances, a proper analysis of Mother's petition to modify required Judge Russell to determine which order applied to the dispute before him, and he correctly exercised his authority to do so.

*See* ARFLP 83(a) (stating that "[t]he court may on its own or on motion alter or amend all or some of its rulings" on enumerated grounds); *see Major v. Coleman*, 251 Ariz. 345, 348, ¶ 13 (App. 2021) (recognizing the superior court may exercise its inherent authority by taking appropriate actions "to effectuate the administration of justice in cases pending before it"); *see also Motley*, ___ Ariz. at ___, ¶ 15.

¶17   Father also argues the January 2021 Order simply confirmed the October 2020 Order. He contends that construing the January 2021 Order as resolving his pending petition violates his due process rights because the order to appear only mentioned Mother's petition to enforce. But a party who consents to a judgment generally waives any right to challenge it on appeal. *See Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶¶ 16–18 (App. 2009). Even so, Father does not identify when he raised a due process concern in the superior court. *See Chang v. Siu*, 234 Ariz. 442, 446, ¶ 12 (App. 2014) ("An appellate court normally will not address arguments not raised in the superior court prior to the appeal."). And to the extent Father suggests his December 2020 petition was not addressed at the January 2021 hearing, we will not draw that inference because he has not provided a transcript. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal.").

¶18   Irrespective of whether Father had specific notice of what the January 2021 hearing would encompass, or what was discussed at that hearing, as a matter of law his petition to modify was rendered moot when he entered into the stipulated judgment. He expressly agreed to pay $998 per month in child support. When the parties agreed to this stipulated judgment, it became the most recent order because it now contained the court's most "recent findings" under the Guidelines. The January 2021 Order thus re-established Father's child support obligation. If he wanted the court to change that order, he had to file a new petition. And without it, Judge Albrecht lacked the authority to enter the February 2021 Order. *See* ARFLP 23(a) ("A 'petition' is the initial pleading that begins . . . a post-decree matter.").

**CONCLUSION**

**¶19**     We affirm the superior court's May 2022 order.  We deny Mother's request for attorneys' fees because she is a self-represented litigant.  *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014).  As the successful party on appeal, Mother is awarded taxable costs subject to her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:     AA