NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, ex rel. DES
ALICIA CARLOS,
*Petitioners/Appellees*,

*v.*

LARENZO LEWIS, *Respondent/Appellant*.

No. 1 CA-CV 23-0408 FC
FILED 5-9-2024

Appeal from the Superior Court in Maricopa County
No. FC2022-053438
The Honorable Christine E. Mulleneaux, Commissioner Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer R. Blum
*Counsel for Petitioners/Appellees*

Alicia Carlos, Glendale
*Petitioner/Appellee*

Larenzo Lewis, Phoenix
*Respondent/Appellant*

_____

## MEMORANDUM DECISION

Vice Chief Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

_____

**H O W E**, Judge:

**¶1** Larenzo Lewis ("Father") appeals the family court's child support order, arguing that his son's mother improperly influenced the child's testimony and that the child support award should be reduced because of Father's present indigency. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Father and Alicia Carlos ("Mother") are the biological parents of a son born in November 2008. In December 2022, the Department of Economic Security petitioned the family court to establish paternity and child support. Father admitted paternity but argued that he owed no back child support because he and Mother had exercised equal parenting time. The court entered an order establishing paternity and set a hearing to determine child support.

**¶3** Father, Mother, and their son testified at the hearing. No exhibits were provided. While no court reporter was present, the proceedings were digitally recorded. The court found that Father was $18,573 in arrears for the period from January 2020 through May 2023, and required him to pay $511 per month for child support and fees going forward. The court entered the judgment under Arizona Rule of Family Law Procedure ("Rule") 78(c). Father timely appealed, and this court has jurisdiction. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶4** Father argues on appeal that a back child support award was improper because he had an equal role in parenting. While his brief fails to comply with the civil appellate rules by failing to include any citation to legal authority or the record, *see* Ariz. R. Civ. App. P. 13(a), we nonetheless exercise our discretion to address the substance of the appeal, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966). This court reviews child support awards for an abuse of discretion and will affirm the family court's rulings for any

reason supported by the record. *Nickel v. Potter*, 537 P.3d 813, 816 ¶ 9 (Ariz. App. 2023) (internal citations omitted).

**¶5**     Father asserts that Mother "coached" their son to give testimony that misled the family court into finding that Father played an unequal role in parenting. He presents this argument without evidence, and the record does not contain any transcripts or a recording of the hearing. "[T]he appellant [has the] burden to ensure that 'the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised.'" *Blair v. Burgener*, 226 Ariz. 213, 217 ¶ 9 (App. 2010) (quoting *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)). "[I]n the absence of a transcript, we presume the evidence and arguments presented at the hearing support the trial court's ruling." *Id.* Father has thus shown no error.

**¶6**     Father also asserts that he is presently indigent and requests that his obligation be reduced. This argument is similarly unsupported. Child support "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). Father may petition the family court for modification pursuant to Rule 91.1(b), but absent a sufficient showing of such changed circumstances, the judgment stands.

**CONCLUSION**

**¶7**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA