NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DEWAYNE BECK, *Petitioner/Appellant,*

*v.*

DAPHEN N. PINO, *Respondent/Appellee.*

No. 1 CA-CV 23-0216 FC

FILED 02-22-2024

Appeal from the Superior Court in Maricopa County
No. FC2017-053185
FC2017-093332
The Honorable Paula A. Williams, Judge

**AFFIRMED**

COUNSEL

Dewayne Beck, Tolleson
*Petitioner/Appellant*

Daphen N. Pino, Protected Address
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster, and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

**¶1**        Dewayne Beck ("Father") appeals the superior court's order for legal decision-making, parenting time, and child support as to his and Daphen N. Pino's ("Mother's") child ("Child"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Child was born in July 2015. Father originally petitioned to establish legal decision-making and parenting time in May 2017. In December 2018, the superior court awarded Mother sole legal decision-making authority and primary parenting time and granted Father parenting time, including during breaks from school.

**¶3**        Since the court's December 2018 order, the parties have litigated numerous petitions to enforce and modify the parenting plan and motions for contempt. Eventually, the parties created a May 2020 agreement pursuant to Arizona Rule of Family Law Procedure 69 (the "Rule 69 Agreement"). Per this Rule 69 Agreement, Mother had primary parenting time until Child turned 10 years old, at which point Father would have primary parenting time for the rest of Child's childhood.

**¶4**        In the time since the Rule 69 Agreement was adopted, anonymous reporters alleged to the Department of Child Safety ("DCS") that Child was sexually abused by his stepbrother, who is approximately two years older than Child, at Father's home. Father claims Mother has been falsifying such allegations to DCS to reduce or eliminate his parenting time. Mother responds that she was not the person who submitted the complaints—or at least all of the complaints—to DCS. In May 2021, Mother moved for temporary orders to suspend Father's parenting time or modify it to become supervised because of the alleged abuse, but her motion was denied.

**¶5**        In September 2022, Father petitioned to modify the Rule 69 Agreement. At trial in January 2023, the court considered evidence

regarding Mother's claims Child had been sexually abused by his stepbrother at Father's home.

**¶6**      The court issued a new order in March 2023. It awarded Mother sole legal decision-making authority and primary parenting time, abrogating the Rule 69 Agreement which stipulated Father would gain primary parenting time when Child reached 10 years old. It found "there [was] evidence to support the child was sexually abused by another child in Father's home." It also awarded Father visitation and imposed child support of $258 per month.

**¶7**      Father timely appealed and we have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A) and -2101(A).

## DISCUSSION

**¶8**      Father argues there were no significant and continuing changes in circumstances that materially affect Child's welfare to support the court's new order, and the superior court therefore erred in modifying the parenting plan. Mother argues the evidence supports the court's findings.

## I.    Standard of Review

**¶9**      Our review requires that we "evaluate all the statutory elements found by the . . . court." *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 26 (2023). To modify a prior order for legal decision-making, parenting time, or child support, a court must find there has been a "change in circumstances materially affecting the welfare of the child" and the modification is in the child's best interests. *Backstrand v. Backstrand*, 250 Ariz. 339, 343 ¶ 14 (App. 2020) (citation omitted). *See Nia v. Nia*, 242 Ariz. 419, 423 ¶ 9 (App. 2017) (requiring substantial and continuing changed circumstances).

**¶10**      The court has broad discretion to decide whether a change in circumstances justifies a modification of an order for legal decision-making, parenting time, or child support. *Backstrand*, 250 Ariz. at 343 ¶ 14; *see Nia*, 242 Ariz. at 423 ¶ 9 (granting court "sound discretion" to find changed circumstances). Therefore, we review such modifications for a "clear abuse of discretion." *Backstrand*, 250 Ariz. at 343 ¶ 14. We accept the court's factual findings "if reasonable evidence and inferences support them" and will affirm the court's legal conclusions "unless they are clearly erroneous."

*Brionna J.*, 255 Ariz. at 478–79 ¶¶ 30–31 (citations omitted). We do not reweigh evidence. *See id.* at 478 ¶ 28.

## II. Reasonable Evidence Supports the Court's Findings of Changed Circumstances and that a Modification was in Child's Best Interests.

¶11 As a preliminary matter, our rules require appellants to include in the record any transcripts from superior court proceedings "necessary for proper consideration of the issues on appeal." Arizona Rules of Civil Appellate Procedure 11(c)(1)(A). If an appellant fails to do so, "we assume [any missing transcript or record item] would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Here, the transcript of the parties' January 2023 hearing is absent from the record on appeal. We must therefore assume any testimony presented at the hearing supported the court's findings (1) of changed circumstances and (2) that a modification of the parenting plan was in Child's best interests. *See id.*

¶12 Additionally, our review of the record confirms that reasonable evidence supports the court's finding of changed circumstances since the parties' Rule 69 Agreement. The court found evidence that Child has suffered sexual abuse by a stepbrother in Father's home. Among this evidence was a sexual abuse exam report from March 2021 that included Child's description of the occurrences and a registered nurse's diagnosis of the abuse. Mother also submitted a description of a conversation the father of Child's friend overheard, wherein Child described sexual abuse he had experienced. She further submitted records from Child's therapist-intern that indicated that Child "displays clinically significant results for Anxiety, Posttraumatic Stress-Intrusion, Posttraumatic Stress-Avoidance, Posttraumatic Stress-Total, and Sexual Concerns" and avoids responding about visits to Father's home. The court-appointed advisor submitted a report documenting that Child was still sharing a bedroom with his stepbrother as of November 2022, despite Father's home having five bedrooms.

¶13 Therefore, in addition to the presumption that testimony at the hearing supported the court's findings, other evidence in the record also reasonably supports the court's findings. Because reasonable evidence supports the court's finding of changed circumstances, Father's appeal amounts to a request to reweigh the evidence. This we will not do. *See Brionna J.*, 255 Ariz. at 478 ¶ 28. Therefore, the court did not err by finding

a significant and continuing change in circumstances that materially affected Child's welfare.

**¶14**     Father did not meaningfully contest the court's finding that modification of the parties' Rule 69 Agreement was in Child's best interests and has therefore waived any argument regarding that issue. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577 ¶ 5 (App. 2017) (holding failure to challenge a finding constitutes waiver of that argument). However, the evidence of possible sexual abuse of Child by his stepbrother and of Father's failure to mitigate further abuse also support the court's conclusion that a modification of the parenting plan was in Child's best interests. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150 ¶ 13 (2018) (observing that termination is in a child's best interests if the child will be harmed if severance is denied). And the court satisfied the statutory requirements for making best interest findings by considering the factors in A.R.S. § 25-403(A).

**¶15**     Accordingly, the court did not err in modifying the parenting plan for legal decision-making, parenting time, and child support.

## CONCLUSION

**¶16**     We affirm.

