IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

ASHLEE JACOBS, *Petitioner/Appellee*,

*v.*

BRANDON JACOBS, *Respondent/Appellant*.

No. 1 CA-CV 24-0293 FC

FILED 04-03-2025

Appeal from the Superior Court in Mohave County
No. S8015DO202200285
The Honorable Kenneth Gregory, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Petitioner/Appellee*

Silk Law Office, Lake Havasu City
By Melinda Silk
*Counsel for Respondent/Appellant*

**OPINION**

Judge David D. Weinzweig delivered the opinion of the Court, in which
Presiding Judge Michael S. Catlett and Judge Daniel J. Kiley joined.

**W E I N Z W E I G**, Judge:

¶1          Arizona law empowers the parties to a dissolution proceeding to settle a range of issues in writing, including property disputes, spousal maintenance, legal decision-making and parenting time. At issue here is whether the superior court must adopt the terms of those separation agreements in full or whether it may choose *a la carte* which terms to adopt and which terms to reject. We hold the superior court must either accept or reject a separation agreement in its entirety.

¶2          Brandon Jacobs ("Husband") appeals the dissolution decree ending his marriage to Ashlee Jacobs ("Wife"). He argues the superior court erroneously altered a marital separation agreement it had previously adopted, rejected his request to modify child support and denied his request for attorney fees. We reverse and remand because the court adopted some terms of the separation agreement, but rejected others.

## FACTS AND PROCEDURAL HISTORY

¶3          Wife petitioned to dissolve her marriage with Husband in March 2022. She attached a marital separation agreement ("Agreement") to the petition, signed by both parties. Among other things, the Agreement divided the marital assets, required Husband to pay child support of $500 per month and directed Husband and Wife to split the settlement proceeds of a pending lawsuit. Husband wrote a note next to that last term reading, "AFTER 40K," which, he said, meant he would receive the first $40,000 of settlement proceeds with the remainder equally divided between him and Wife. Wife insisted that she never agreed to that handwritten addition.

¶4          Wife soon moved for temporary orders on relocation, legal decision-making and parenting time. Husband moved to adopt the Agreement because it resolved many of the issues raised in Wife's motion for temporary orders.

¶5          Wife opposed Husband's motion, but the superior court granted it. The court adopted the Agreement, except for the provision about Husband's child support, which it increased to $1,861 per month given Husband's then-current salary of $13,717 per month as an oil rig manager.

¶6          The superior court held an evidentiary hearing before entering the final dissolution decree. Husband testified he was "terminated for cause" during a series of layoffs common in the oil industry. Husband explained that his termination was not voluntary, stressing he had "the

highest paying rig manager job in the country," and "would not want to lose that for anything." Husband added he was actively looking for work in a different field, but had received no offers. He asked the court to order monthly child support payments based on his unemployed status.

¶7 A month later, the superior court issued a final dissolution decree, rejecting Husband's child support request because "[Husband] voluntarily left his employment due to differences with his boss." The final decree incorporated the Agreement's terms, except for the division of proceeds from the pending lawsuit, which the superior court found to be "unfair." Instead, the court ordered the parties to split the settlement proceeds equally. Both parties requested attorney fees, which the superior court denied.

¶8 Husband timely appealed. We have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9 Husband argues the superior court erred by: (1) altering the Agreement after originally adopting it, (2) rejecting his request to modify child support and (3) denying his request for attorney fees. We address each issue in turn.

## I. The Agreement.

¶10 We interpret statutes and court rules de novo. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018). When interpreting a statute, we aim to "determine the plain meaning of the words the legislature chose to use, viewed in their broader statutory context." *Columbus Life Ins. Co. v. Wilmington Tr., N.A.*, 255 Ariz. 382, 385, ¶ 11 (2023); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012) (courts must interpret a statute's plain language in context because "[c]ontext is a primary determinant of meaning").

¶11 Arizona law authorizes the superior court to adopt written separation agreements "[t]o promote amicable settlement of disputes between parties to a marriage." A.R.S. § 25-317(A). The separation agreement statute, however, requires the superior court to adopt or reject an agreement in full:

- A.R.S. § 25-317(D) directs that "[i]f the court finds that *the separation agreement* is not unfair as to disposition of property or maintenance and that it is reasonable as to

support, legal decision-making and parenting time of children, *the separation agreement* shall be set forth or incorporated by reference in the decree of dissolution, annulment or legal separation and the parties shall be ordered to perform them." (emphasis added).

- A.R.S. § 25-317(E) directs that "[t]erms of *the agreement* set forth or incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment." (emphasis added).

- A.R.S. § 25-317(F) directs that "entry of the decree shall thereafter preclude the modification of the terms of the decree and *the property settlement agreement*, if any, set forth or incorporated by reference." (emphasis added).

¶12 Arizona Rule of Family Law Procedure 69(a) confirms the superior court may not adopt only parts of a separation agreement and reject others:

- Rule 69(a) directs that "*[a]n agreement* between the parties is valid and binding if . . . *the agreement* is in writing and signed by the parties." Ariz. R. Fam. Law P. 69(a) (emphasis added).

- Rule 69(b) directs that "*[a]n agreement* under this rule is not binding on the court until it is submitted to and approved by the court as provided by law." Ariz. R. Fam. Law P. 69(b) (emphasis added).

¶13 And this makes sense given the nature of a separation agreement, which is designed to resolve litigation. *Cf. Goodman v. Newzona Inv. Co.*, 101 Ariz. 470, 472 (1966) ("It is not within the province or power of the court to alter, revise, modify, extend, rewrite or remake an agreement. Its duty is confined to the construction or interpretation of the one which the parties have made for themselves."). The parties to a separation agreement might not have reached that agreement had they known the superior court would adopt only some of its terms.

¶14 Turning here. At two points in this dissolution proceeding, the superior court adopted all but one term in the separation agreement. The court rejected the child support terms when it first adopted the Agreement and later rejected the distribution of settlement proceeds in the final dissolution decree. That was error. We vacate and remand for the

superior court to either accept the Agreement in its entirety or independently resolve the merits as if no separation agreement was reached.[1]

## II.    Child Support.

**¶15**    Husband next argues the superior court miscalculated his child support payments because he involuntarily lost his job and had not found a new one.

**¶16**    We review child support awards for an abuse of discretion. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018).  We accept the superior court's factual findings unless clearly erroneous, but review de novo its conclusions of law and interpretation of rules and statutes.  *Nia v. Nia,* 242 Ariz. 419, 422, ¶ 7 (App. 2017).  We look to "plain language as the most reliable indicator of the supreme court's intent."  *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 10 (App. 2015).

**¶17**    The superior court has discretion under the Arizona Child Support Guidelines to attribute income to a spouse who is unemployed or underemployed depending on assorted factors, including why that spouse is unemployed:

- If the spouse's employment status is involuntary, whether it is reasonable for that parent to find replacement income above actual earnings;

- If the spouse's employment status is voluntary with reasonable cause, whether the parent's decision and its benefits outweigh the effect that the reduced income has on the child's best interests;

- If the spouse's employment status is voluntary and without good cause, whether income attribution is appropriate; and

- If the parent has the ability to find suitable work in the marketplace at a greater income based on the parent's

---

[1]    Our resolution of the appeal on these grounds negates Husband's argument that the superior court had no authority to revisit its initial approval of the Agreement in the dissolution decree.

current educational level, training and experience, and
physical capacity.

*See* A.R.S. § 25-320 app. § II.A.4.e.

**¶18** Husband contends there was no evidence that his
unemployment was voluntary, and the superior court erred by finding he
"voluntarily left his employment due to differences with his boss." We
agree. The record contains no evidence that Husband left his job
voluntarily. Just the opposite. Husband testified he was let go during
seasonal terminations in the oil rig industry. And so, the superior court
erred by issuing a decision with "clearly erroneous factual underpinnings."
*McComb v. Superior Court*, 189 Ariz. 518, 525 (App. 1997). We vacate the
child support award and remand for the court to modify the award
consistent with this opinion.

## III.    Attorney Fees.

**¶19** The superior court denied the parties' dueling requests for
attorney fees. The court has discretion to grant attorney fees "after
considering the financial resources of both parties and the reasonableness
of the positions each party has taken throughout the proceedings." A.R.S.
§ 25-324(A). We review the superior court's decision on whether to award
attorney fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491,
494, ¶ 6 (App. 2014).

**¶20** Because we vacate the dissolution decree and order the
superior court to revisit child support and the distribution of community
property, we also vacate the court's denial of attorney fees. On remand,
after resolving these issues, the superior court may consider any renewed
requests for attorney fees.

## CONCLUSION

**¶21**      We vacate the dissolution decree and remand for further proceedings consistent with this opinion. Both parties requested attorney fees on appeal under A.R.S. § 25-324, which we decline in our discretion. Husband also requested costs under A.R.S. § 12-342(A). Because Husband was successful on appeal, we award him his appellate costs upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR